PETER SANBORN *vs.* JOHN SANBORN.

A memorandum in writing, expressing the writer's agreement to convey land, but not subscribed by him, nor delivered as a binding agreement, is not sufficient, within the statute of frauds, although he afterwards receives the purchase money.

After a suit in equity, brought to compel the specific performance of a written agreement, has been referred to a master, and he has reported that no such agreement was completed, the court will not allow the bill to be amended so as to seek relief on the ground of fraud under a statute by which that branch of equity jurisdiction was conferred, in general terms, on the court since the suit was commenced.

BILL IN EQUITY, filed on the 11th of March 1851. The bill averred that on the 1st of April 1850 the defendant, being the owner of certain land in Charlestown, wrote and delivered to the plaintiff this agreement: " Know all men by these presents that I, John Sanborn," &c. " in consideration of the sum of twenty one hundred dollars to me in hand paid by Peter Sanborn," &c. " the receipt whereof I do hereby acknowledge, do hereby agree to sell and convey unto the said Peter Sanborn " said land (describing it). " Charlestown, April 1, 1840."

The bill also averred that before the delivery of this agreement, the plaintiff paid the amount of $2,100 in full discharge of the purchase money, and the defendant so received the same; that the plaintiff had ever since been in the possession and enjoyment of the land, and till 1846 supposed that this instrument was a complete conveyance, and that no further conveyance was necessary to perfect his title; that since ascertaining the paper to be merely an agreement to convey, the plaintiff, in January 1850, tendered to the defendant a deed for execution, but the defendant refused to execute it; and that the plaintiff had fulfilled his part of the agreement, and was ready to do anything which remained to be done, if anything. The bill prayed for specific performance and for general relief.

The defendant, in his answer upon oath, admitted his ownership of the premises, and that the parties had some conversation in 1840 as to the plaintiff's purchasing the same for $2,100; averred that the alleged agreement was only an outline of an

agreement which the defendant was willing to make, and was written by the defendant and handed to the plaintiff in order that he might examine it, and was never signed by the defendant, nor delivered to the plaintiff as a final agreement, nor ever ratified, accepted or completed by the plaintiff in any form ; and averred that, at the time of handing said outline of an agreement to the plaintiff, the defendant made it a condition, that, before he would complete the agreement, the plaintiff should pay certain large sums of money for repairs and improvements which had been made on the premises, and that the plaintiff had not paid or tendered the same or any part thereof ; denied the agreement, as charged, and any payment in discharge of the purchase money, or so received by the defendant ; admitted the plaintiff's occupation of part of the premises by the sufferance of the defendant ; denied that the plaintiff supposed the paper was a complete conveyance ; admitted the offer of the deed by the plaintiff, and the defendant's refusal to convey ; and averred that the defendant had done all in the premises that he was bound to do, but the plaintiff had failed to perform what it was necessary for him to do before the agreement could be made.

The paper set out in the bill was in the defendant's handwriting, but was not signed by him ; and a master in chancery, to whom the case was referred, reported that it was not delivered by the defendant to the plaintiff as and for a binding memorandum of his agreement to convey the land therein described, and was not intended by the defendant to be a perfect and complete agreement, nor received as such by the plaintiff. The master also reported, that soon after the date of the paper the amount named therein as the purchase money of the land was paid by the plaintiff, and received by the defendant, as and for such purchase money, but not by virtue of said writing ever ·having been delivered or received as a perfect and complete agreement, nor pursuant to any written agreement whatever ; and that said writing was not delivered or received as such an agreement in consequence of said payment, and said agreement was not considered by either party as valid and binding without a further subscription thereof by the defendant

At April term 1856, the plaintiff moved that the court take jurisdiction of this case as a bill seeking relief against fraud; and for an amendment of his bill, if necessary, so as to pray for such relief under *St.* 1855, *c.* 194. *Bigelow*, J. reserved for the full court the question whether such amendment could now be properly made, or the bill be maintained, without such amend‑ ment, as a bill seeking relief against fraud, and all questions properly arising on the master's report.

*O. B. Low*, for the plaintiff. 1. The instrument set out in the bill, being in the handwriting of the defendant, with his name at the beginning, is well signed, within the meaning of the statute of frauds. *Hawkins* v. *Chace*, 19 Pick. 505. *Dean* v. *Morton*, 13 Met. 385. *Penniman* v. *Hartshorn*, 13 Mass. 87. *Barry* v. *Coombe*, 1 Pet. 640. Chit. Con. (8th Amer. ed.) 70. *Coles* v. *Trecothick*, 9 Ves. 234. *Morison* v. *Turnour*, 18 Ves. 183. There was a sufficient delivery of it. *Mills* v. *Gore*, 20 Pick. 28.

If the writing is an offer of an agreement of the terms of sale, it is a continuing offer, and binding on the defendant until withdrawn, of which there is no proof. And acceptance and ratification are to be presumed from the payment and receipt of the money and the occupation of the premises.

2. The *St.* of 1855, *c.* 194, § 1, gives this court general "juris‑ diction in equity in all cases of fraud," and, as it affects the remedy only, extends to suits pending at the time of its passage. The plaintiff therefore is entitled to relief against the defend‑ ant's fraud, under the general prayer in his bill. But if an amend‑ ment is necessary, it is within the power and the practice of the court to allow it. *Creese* v. *Babcock*, 10 Met. 525. Such an amendment would not prejudice the defendant, or give the plain‑ tiff any greater rights than he might obtain by filing a new bill.

*E. R. Hoar & J. Q. A. Griffin*, for the defendant. 1. The memorandum of agreement, never having been delivered as and for a binding contract, is not sufficient to take the case out of the statute of frauds. Roberts on Frauds, 121. 2 Kent Com. (6th ed.) 511. *Bawdes* v. *Amhurst*, Pre. Ch. 402. *Coles* v. *Tre‑ cothick*, 9 Ves. 234. *Saunderson* v. *Jackson*, 2 Bos. & Pul. 239.

*Knight* v. *Crockford,* 1 Esp. R. 190.   *Hawkins* v. *Holmes,* 1 P W. 770.   *Stokes* v. *Moore,* 1 P. W. 770, *note.*

Payment of the purchase money does not take the case out of the statute of frauds.   Rev. Sts. *c.* 74, § 1.   *Kidder* v. *Hunt,* 1 Pick. 328.   *Thompson* v. *Gould,* 20 Pick. 134.   *Adams* v. *Townsend,* 1 Met. 485.   *Jacobs* v. *Peterborough & Shirley Railroad,* 8 Cush. 223.   2 Story on Eq. §§ 760, 761.

The jurisdiction of this court to enforce specific performance, under the Rev. Sts. *c.* 81, § 8, is limited to written contracts.

2. The plaintiff is not entitled to relief on the ground of fraud.   The facts proved do not make out a case even of constructive fraud, such as to give jurisdiction to a court of equity, in view of the provisions of the statute of frauds.   Adams on Eq. 86.   2 Story on Eq. § 761.   1 Sugden on Vendors, *c.* 3, § 3. 4 Kent Com. (6th ed.) 451.   4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 2, § 37, *note.   Mundy* v. *Jolliffe,* 5 Myl. & C. 177.   *Dale* v. *Hamilton,* 5 Hare, 381.   *Clinan* v. *Cooke,* 1 Sch. & Lef. 40. *Frame* v. *Dawson,* 14 Ves. 386.   *Savage* v. *Foster,* 9 Mod. 37. *M'Kee* v. *Phillips,* 9 Watts, 85.   *Parker* v. *Wells,* 6 Whart. 161.   *Jackson* v. *Cutright,* 5 Munf. 318.   *Eaton* v. *Whitaker,* 18 Conn. 228.

The *St.* of 1855, *c.* 194, gives no jurisdiction in cases of constructive fraud ; and this court will take no jurisdiction in equity by implication.   *Attaquin* v. *Fish,* 5 Met. 140.   *Wilton* v. *Harwood,* 23 Maine, 134.

That statute does not apply to a suit pending at the date of its enactment.   The legislature are not to be presumed to have intended to enable a suit, already brought, to be maintained by proof of certain facts, which would not have sustained an action in any known form when this suit was commenced, and when any new suit would be barred by the statute of limitations. *Moon* v. *Durden,* 2 Exch. 22.   *Hitchcock* v. *Way,* 6 Ad. & El. 943. *Paddon* v. *Bartlett,* 3 Ad. & El. 884.   *Bill* v. *Bament,* 9 M. & W. 36.   *Wright* v. *Oakley,* 5 Met. 400.

To allow the amendment asked for, at this stage of the cause, would introduce a new cause of action, and would be unreasonable, if within the power of the court.

BY THE COURT. The master has found that the memorandum was not delivered as a binding agreement under the statute. The payment of the purchase money did not take the agreement out of the statute, especially as the master finds that it was not paid under or by virtue of that agreement. The court have therefore no jurisdiction of the bill in its present form. And we are of opinion that, after the reference of the case to a master, and the return of his report, fully stating the facts, it is now too late to permit the plaintiff, by amendment, to avail himself of a distinct head of equity jurisdiction, which had not been conferred on the court when the suit was brought.

*Bill dismissed, without prejudice to a suit under St.* 1855, *c.* 194.